UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GERARDO ALVARADO,
    Plaintiff,                                      CASE NO. _____

vs.

UNIVERSIDAD CARLOS ALBIZU
(CARLOS ALBIZU UNIVERSITY), INC.,
a Puerto Rico corporation,

    Defendant.
_____/

### NOTICE OF REMOVAL OF DEFENDANT
### FIREMAN'S FUND INSURANCE COMPANY

As provided by 42 U.S.C. §1441 *et seq.,* Defendant, Universidad Carlos Albizu (Carlos Albizu University), Inc. ("Defendant"), hereby files this Notice of Removal of the above-styled action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, where the action is now pending under Case Number 10-30602 CA 24 to the United States District Court for the Southern District of Florida. In connection with this Notice of Removal, Defendant states:

1. The above-styled action was commenced by Gerardo Alvarado ("Plaintiff"), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, State of Florida, by the filing of a Complaint on or about May 27, 2010. Defendant was served with a copy of the Complaint on June 4, 2010. Defendant did not receive a copy of the Complaint, through service or otherwise, prior to June 4, 2010.

2. The action, which is of a civil nature, involves claims under federal law and under Florida law. The action involves four counts: (a) breach of a 2006 employment contract, (b) violation of 18 U.S.C. § 1589, (c) breach of a 2009 employment contract, and (d) breach of the

covenant of good faith and fair dealing (in connection with the 2009 employment contract). A copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

3. The Court has both federal question jurisdiction under 28 U.S.C. §§1331 and 1441(a) and diversity jurisdiction over this matter pursuant to 28 U.S.C. §§1332 and 1441(a).

4. Count 2 of Plaintiff's Complaint is for an alleged violation of 18 U.S.C. §1589, relating to forced labor. Accordingly, the Court has federal question jurisdiction.

5. In addition, the Court has diversity jurisdiction. As stated in the Complaint, Plaintiff is a citizen of Florida. (Complaint ¶ 3). As also stated in the Complaint, Defendant is a foreign citizen. (Complaint ¶ 5). Defendant is a Puerto Rico corporation, with its principal place of business in San Juan, Puerto Rico. (Complaint ¶ 5). Under the definitions and requirements established by 28 U.S.C. §1332, there is complete diversity in this action because Defendant is not a citizen of the State of Florida.

6. The amount in controversy exceeds the jurisdictional limit of $75,000, exclusive of interest and costs, established by 28 U.S.C. §1332(a). In the Complaint, Plaintiff fails to set out a specific dollar amount, but, as set out below in further detail, an examination of his allegations and the exhibits attached to his Complaint demonstrate that he is claiming damages of at least $120,000 for Count 1 alone and damages of at least $463,000 for Count 4 alone. Moreover, Plaintiff's counsel sent Defendant a pre-suit demand letter, attached hereto as Exhibit "B," valuing his case at $850,000, and demanding that amount from Defendant.

7. As noted above, Defendant was first served with a copy of Plaintiff's Complaint on June 4, 2010. Thus, this Notice of Removal is timely, since 28 U.S.C. 1446(b) grants parties thirty (30) days to remove an action to Federal Court "after receipt . . . of a copy of the initial pleading . . . or within thirty days after the service of summons upon the defendant if such

initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. 1446(b).

8. To date, the only pleading which Defendant has received is the Complaint, a copy of which is attached as Exhibit "A."

9. Given that the above-styled state court action is pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, venue properly lies in the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 1441(a).

10. Defendant will give written notice of the filing of this Notice of Removal, as required by 28 U.S.C. §1446(d).

## MEMORANDUM OF LAW

**A.    The United States District Court Has Jurisdiction Over this Matter**

A state court action may be removed to a United States District Court where "the district courts of the United States have original jurisdiction[.]" 28 U.S.C. §1441(a). In the instant case, original jurisdiction exists under both 28 U.S.C. §1331 and 28 U.S.C. §1332. 28 U.S.C. §1331 states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1332 states:

> "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> * * *
> (2) citizens of a State and citizens or subjects of a foreign state[.]"

*See* 28 U.S.C. §1332(a).

One of the four counts of the Plaintiff's Complaint arises under the laws of the United States. Plaintiff claims that Defendant violated 18 U.S.C. § 1589, which relates to obtaining the labor or services of another:

(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
(2) by means of serious harm or threats of serious harm to that person or another person;
(3) by means of the abuse or threatened abuse of law or legal process; or
(4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

Clearly, then, the Court has jurisdiction because of the existence of a federal question.

The Court also has diversity jurisdiction. To establish jurisdiction under 28 U.S.C. §1332, Defendant must establish two factors: 1) the amount in controversy exceeds $75,000; and 2) the action is between a citizen of this State and a citizen of a foreign state. For the reasons set forth below, both factors exist in this case.

### 1. The Amount in Controversy Exceeds $75,000

Where a plaintiff does not specify an amount of damages, as Plaintiff does not specify here, the removing defendant may still show that the amount in controversy exceeds the $75,000 by a preponderance of the evidence. *See Martin, R.N. v. Mentor Corporation*, 142 F.Supp.2d 1346, 1348 (M.D. Fla. 2001) (*citing to Tapscott v. MS Dealer Serv. Corp*., 77 F.3d 1353, 1357 (11th Cir. 1996)). Based on the allegations contained in the Complaint and its exhibits, it is clear that the amount in controversy exceeds $75,000.

The allegations of the Complaint indicate that under Count 1 (breach of contract) Plaintiff is seeking compensation for a position he claims he was required to assume but was not paid for. (Complaint ¶ 19). According to the Complaint, that position pays $80,000 annually. (Complaint ¶ 20). The Complaint also alleges that Plaintiff worked in this position from June 2008 to December 2009. (Complaint ¶ 21). Consequently, the alleged damages under Count 1 alone are $120,000.

In addition, Count 4 of Plaintiff's Complaint is for breach of a 2009 employment contract. According to the Complaint, the alleged breach arose out of Plaintiff's termination on December 18, 2009. (Complaint ¶ 15). The 2009 employment agreement, which is attached to Plaintiff's Complaint as Exhibit 5, has a five year term, commencing on November 2, 2009, and provides for an annual base salary of $95,000. (Complaint, Exhibit 5). Plaintiff alleges that Defendant breached the 2009 employment agreement approximately one and a half months into the five year term. (Complaint ¶¶ 15, 36). Consequently, the alleged damages under Count 4 alone are at least $463,124.61 (which is Plaintiff's monthly salary of $7,916.66 ($95,000 divided by 12) multiplied by the 58 ½ months remaining in the employment term under the 2009 employment contract.

Moreover, Plaintiff sent Defendant a demand letter, dated January 26, 2010, and attached hereto as Exhibit B to this Notice of Removal, which established that the amount in controversy is well above the $75,000 jurisdictional amount. In fact, Plaintiff's demand letter values his case at $850,000, and demands that amount from Defendant. It is well-settled that a demand letter and similar pre-suit demands are sufficient evidence of the amount in controversy. *See AAA Abachman Enterprises, Inc. v. Stanley Steemer International, Inc.,* 268 Fed. Appx. 864; 2008 U.S. App. Lexis 5168 (11th Cir. March 10, 2008); *Lazo v. U.S. Airways, Inc.,* 2008 U.S. Dist. Lexis 66814 (S.D. Fla. August 26, 2008).

For all of the foregoing reasons, the amount in controversy in this case is clearly above the $75,000 jurisdictional amount.

### 2. There is Complete Diversity of Citizenship

It is equally clear that this action is between a citizen of the State of Florida and a citizen of a foreign state. Paragraph 3 of the Complaint states that Plaintiff is a resident of Florida.

5

Defendant, in contrast, is a Puerto Rico corporation, with its principal place of business in San Juan, Puerto Rico. (Complaint, ¶ 5). Under the definitions and requirements established by 28 U.S.C. §1332, then, there is complete diversity in this action because Defendant is not a citizen of the State of Florida.

**B.  Defendant Has Complied With the Procedure for Removal**

The procedure governing removal of actions first filed in state court is governed by 28 U.S.C. §1446. Section 1446 provides that any defendant desiring to remove a civil action from state court must file a notice of removal which contains:

> a short plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant in such action.

*See* 28 U.S.C. §1446. Furthermore, any notice of removal must be filed within thirty (30) days after receipt of the initial pleading. *See* 28 U.S.C. §1446.

Paragraphs 1 through 10 above set forth the grounds on which removal is sought, specifically citing the federal statutes upon which original jurisdiction is premised (28 U.S.C. §§ 1331 and 1332) and the factual support for that jurisdiction. Accordingly, Defendant has complied with the terms of 28 U.S.C. §1446 which dictate that a short plain statement of the grounds for removal accompany any notice of removal. In addition, this notice has annexed to it, as Exhibit "A", a copy of all process, pleadings and other papers that have been filed with the state court to date in compliance with 28 U.S.C. §1446.

**C.  Conclusion**

Defendant has complied with the procedural requirements of 28 U.S.C. §1446, the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida which govern removal from state court, and this Court has original jurisdiction over this matter.

6

FIRM:6213575v1

Accordingly, Defendant respectfully requests that the United States District Court for the Southern District of Florida take jurisdiction over this action.

WHEREFORE, Defendant, Universidad Carlos Albizu (Carlos Albizu University), Inc., hereby gives notice that the above-styled state court action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida be removed to the United States District Court for the Southern District of Florida.

Respectfully submitted this 23rd day of June, 2010.

*s/ Jose I. Leon*
Michael W. Casey, III
Florida Bar No. 141430
mcasey@ebglaw.com
Jose I. Leon
Florida Bar No. 958212
jleon@ebglaw.com
EPSTEIN BECKER AND GREEN, P.C.
200 South Biscayne Blvd., Suite 4300
Miami, Florida 33131-2305
Tel:  305-579-3200  Fax:  305-579-3201
*Attorneys for Defendant*

FIRM:6213575v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GERARDO ALVARADO,
    Plaintiff,                        CASE NO. _____

vs.

UNIVERSIDAD CARLOS ALBIZU
(CARLOS ALBIZU UNIVERSITY), INC.,
a Puerto Rico corporation,

    Defendant.
_____/

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by facsimile and U.S. mail (with exhibits) this 23rd day of June, 2010 to:

    Paul F. Penichet, P.A.
    19 West Flagler Street
    Suite 907
    Miami, FL 33130
    Tel: (305) 373-8809
    Fax: (305) 373-8810
    *Attorney for Plaintiff*

                                            *s/ Jose I. Leon*
                                              Jose I. Leon

FIRM:6213575v1