UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

GERARDO ALVARADO,                                    Case No. 10-22072-CIV-HUCK/O'SULLIVAN

    Plaintiff,

vs.

UNIVERSIDAD CARLOS ALBIZU
(CARLOS ALBIZU UNIVERSITY), INC.,

    Defendant.
_____/

**DEFENDANT UNIVERSIDAD CARLOS ALBIZU
(CARLOS ALBIZU UNIVERSITY), INC'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

    Defendant Universidad Carlos Albizu (Carlos Albizu University), Inc. ("CAU") by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses, and CAU states as follows:

**ANSWER**

    1.    In response to the unnumbered Paragraph preceding Paragraph 1 of Plaintiff's Complaint, CAU acknowledges that Plaintiff Gerardo Alvarado ("Plaintiff") attempts to sue CAU but denies the allegations insofar as Plaintiff alleges or implies that he is entitled to any relief from CAU, or that he has any valid claim against CAU, and, accordingly, CAU denies any such allegation stated or implied in the unnumbered paragraph preceding Paragraph 1 of Plaintiff's Complaint.  In response to Paragraph 1 of Plaintiff's Complaint, CAU acknowledges that Plaintiff attempts to assert claims for breach of contract, breach of the covenant of good faith and fair dealing, and under 18 U.S.C. § 1595, but CAU denies the allegations insofar as Plaintiff

Case No. 10-22072-CIV-HUCK/O'SULLIVAN

alleges or implies that he is entitled to any relief from CAU, or that he has any valid claim against CAU, and, accordingly, CAU denies any such allegation stated or implied in Paragraph 1 of Plaintiff's Complaint.

2. In response to Paragraph 2 of Plaintiff's Complaint, CAU acknowledges that Plaintiff attempts to plead damages in excess of the minimum jurisdictional amount in state circuit court, where Plaintiff's Complaint was originally filed, but CAU denies the allegations insofar as Plaintiff alleges or implies that he is entitled to any relief from CAU, or that he has any valid claim against CAU, and, accordingly, CAU denies any such allegation stated or implied in Paragraph 2 of Plaintiff's Complaint.

3. CAU lacks sufficient knowledge or information to admit or deny the allegations stated or implied in Paragraph 3 of Plaintiff's Complaint.

4. CAU is unable to admit or deny the allegations stated or implied in Paragraph 4 of Plaintiff's Complaint because there is no definition of the term "various positions," but CAU admits that it employed Plaintiff during portions of the 2004 to December 14, 2009 time period. CAU denies any and all other allegations stated or implied in Paragraph 4 of Plaintiff's Complaint.

5. CAU admits the allegations of Paragraph 5 of Plaintiff's Complaint.

6. CAU admits the allegations of Paragraph 6 of Plaintiff's Complaint.

7. CAU admits the allegations of Paragraph 7 of Plaintiff's Complaint.

8. CAU admits the allegations of Paragraph 8 of Plaintiff's Complaint.

9. CAU admits the allegations of Paragraph 9 of Plaintiff's Complaint.

10. In response to Paragraph 10 of Plaintiff's Complaint, CAU states that the document attached as Exhibit 2 speaks for itself.

Case No. 10-22072-CIV-HUCK/O'SULLIVAN

11. In response to Paragraph 11 of Plaintiff's Complaint, CAU admits that in October 2007, Plaintiff was appointed to the position of Interim Director of the Business Program at CAU's Miami Campus, that his salary was increased, and that Exhibits 3 and 4 to Plaintiff's Complaint speak for themselves. CAU denies any and all other allegations stated or implied in Paragraph 11 of Plaintiff's Complaint.

12. In response to Paragraph 12 of Plaintiff's Complaint, CAU admits that Plaintiff asked CAU to sponsor his permanent labor certification, that CAU agreed, that CAU posted the position as required by law, and that it selected Plaintiff for the position. CAU denies any and all other allegations stated or implied in Paragraph 12 of Plaintiff's Complaint.

13. In response to Paragraph 13 of Plaintiff's Complaint, CAU admits that CAU's Director of Recruitment and Admission resigned in June of 2008, and that Plaintiff was assigned certain duties of that position. CAU denies any and all other allegations stated or implied in Paragraph 13 of Plaintiff's Complaint.

14. In response to Paragraph 14 of Plaintiff's Complaint, CAU admits it entered into a five year employment contract with Plaintiff in October 2009, which contract is attached as Exhibit 5 to Plaintiff's Complaint. CAU denies any and all other allegations stated or implied in Paragraph 13 of Plaintiff's Complaint.

15. In response to Paragraph 15 of Plaintiff's Complaint, CAU admits that it terminated Plaintiff's employment contract on December 18, 2009 due to the lapse in his employment eligibility. CAU denies any and all other allegations stated or implied in Paragraph 15 of Plaintiff's Complaint.

16. In response to Paragraph 16 of Plaintiff's Complaint, CAU realleges and reasserts its responses to Paragraphs 1 through 15 above, as if fully set forth herein.

17. CAU admits the allegations of Paragraph 17 of Plaintiff's Complaint.

18. In response to Paragraph 18 of Plaintiff's Complaint, CAU admits that during the term of the 2006 employment contract, CAU appointed Plaintiff to the position of Interim Director of the Business Program at CAU's Miami Campus and that his salary was increased. CAU denies any and all other allegations stated or implied in Paragraph 18 of Plaintiff's Complaint.

19. In response to Paragraph 19 of Plaintiff's Complaint, CAU admits that in 2008 CAU requested that he assume certain duties of the Director of Recruitment and Admissions. CAU denies any and all other allegations stated or implied in Paragraph 19 of Plaintiff's Complaint.

20. CAU denies the allegations in Paragraph 20 of Plaintiffs' Complaint.

21. CAU denies the allegations in Paragraph 21 of Plaintiffs' Complaint.

22. CAU denies the allegations in Paragraph 22 of Plaintiffs' Complaint, including the allegations stated or implied in the unnumbered "Wherefore" paragraph following Paragraph 22 of Plaintiff's Complaint.

23. In response to Count 2 of Plaintiff's Complaint, Paragraphs 23 through 28, inclusive, CAU has filed and served a Motion to Dismiss, and so it is not responding to those allegations in this Answer.

24. In response to Paragraph 29 of Plaintiff's Complaint, CAU realleges and reasserts its responses to Paragraphs 1 through 15 above, as if fully set forth herein.

25. CAU admits the allegations of Paragraph 30 of Plaintiff's Complaint.

26. CAU denies the allegations in Paragraph 31 of Plaintiffs' Complaint.

Case No. 10-22072-CIV-HUCK/O'SULLIVAN

27. In response to Paragraph 32 of Plaintiff's Complaint, CAU admits that it denied Plaintiff's request for leave and terminated him because his employment eligibility lapsed. CAU denies any and all other allegations stated or implied in Paragraph 19 of Plaintiff's Complaint.

28. CAU denies the allegations in Paragraph 33 of Plaintiffs' Complaint.

29. CAU denies the allegations in Paragraph 34 of Plaintiffs' Complaint, including the allegations stated or implied in the unnumbered "Wherefore" paragraph following Paragraph 34 of Plaintiff's Complaint.

20. In response to Paragraph 35 of Plaintiff's Complaint, CAU realleges and reasserts its responses to Paragraphs 1 through 15 and 25 through 27 above, as if fully set forth herein.

21. CAU denies the allegations in Paragraph 36 of Plaintiffs' Complaint.

29. CAU denies the allegations in Paragraph 37 of Plaintiffs' Complaint, including the allegations stated or implied in the unnumbered "Wherefore" paragraph following Paragraph 37 of Plaintiff's Complaint.

30. In response to Paragraph 38 of Plaintiff's Complaint, under the title "Jury Demand," CAU acknowledges that Plaintiff is attempting to assert a demand for trial by jury, but denies that any issue of fact or other question of a jury exists and further denies any allegations or implication that Plaintiff is entitled to any relief from CAU or has any valid claim against CAU.

31. CAU denies all allegations, requests for relief, captions, headings or notes throughout Plaintiff's Complaint which are not specifically admitted by CAU herein.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims, if any, are barred by his own breaches of contract.

3. Plaintiff's claims, if any, are barred because CAU acted in good faith and without malice or intent to cause damage.

4. Plaintiff's claims are barred because CAU breached no duty owed to Plaintiff under any contract.

5. Plaintiff's claims are barred by the integration clauses in each of the employment contracts.

6. Plaintiff's claim under the 2006 employment contract is barred by the Statute of Frauds, under Fla. Stat. 725.01.

7. Plaintiff's claim for breach of the covenant of good faith and fair dealing is barred because Plaintiff cannot show any breach of contract.

8. Plaintiff's claims are barred by the doctrines of waiver and estoppel, for reasons including, but not limited to, Plaintiff's delay in requesting any additional compensation under the 2006 employment contract after he was assigned certain duties relating to recruitment and admissions.

9. To the extent there were any claims under the 2006 employment contract, they were extinguished by the 2009 employment contract, which acted as a novation or accord and satisfaction.

10. CAU was relieved from performance of one or both employment contracts because of *force majeure* and/or under the doctrine of impossibility as Plaintiff's performance as allegedly agreed upon was made impossible/ impracticable by the occurrence of a contingency the non-occurrence of which was a basic assumption on which the alleged contract or promise was made.

11. CAU was relieved from performance of one or both employment contracts

because performance under the contracts would have been illegal.

12. CAU was relieved from performance of one or both employment contracts because performance of frustration of purpose.

13. CAU was relieved from performance of one or both employment contracts because of Plaintiff's failure to perform all conditions precedent to said contract or promise, including the maintenance of Plaintiff's continued eligibility for employment in the United States.

14. CAU was relieved from performance of one or both employment contracts because of mutual mistake as to basic assumptions that had a material effect on performance, including the maintenance of Plaintiff's continued eligibility for employment in the United States, for which Plaintiff bore the risk, including the maintenance of Plaintiff's continued eligibility for employment in the United States.

15. CAU was relieved from performance of one or both employment contracts because of unilateral mistake as to a basic assumption that had a material effect on performance, including the maintenance of Plaintiff's continued eligibility for employment in the United States, for which Plaintiff bore the risk and had reason to know of said unilateral mistake; and enforcement of said contract or promise would be unconscionable.

16. To the extent that Plaintiff is entitled to damages, Plaintiff failed to make reasonable efforts to mitigate said damages.

17. Plaintiff has failed to exhaust his in-house administrative remedies, through CAU.

Case No. 10-22072-CIV-HUCK/O'SULLIVAN

## **RESERVATION OF RIGHTS**

CAU hereby gives notice that it intends to rely on such other defenses and affirmative defenses as may become available or apparent during the course of discovery, and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing affirmative defenses.

WHEREFORE, Defendant, Universidad Carlos Albizu (Carlos Albizu University), Inc. respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that costs and attorney's fees be taxed against Plaintiff, Gerardo Alvarado, and in favor of Defendant, Universidad Carlos Albizu (Carlos Albizu University), Inc., and that all other appropriate relief in favor of Defendant, Universidad Carlos Albizu (Carlos Albizu University), Inc., and against Plaintiff, Gerardo Alvarado, be granted.

Respectfully submitted this 30th day of June, 2010.

> *s/ Jose I. Leon*
> Michael W. Casey, III, FBN 141430
> mcasey@ebglaw.com
> Jose I. Leon, Esq., FBN 985212
> jleon@ebglaw.com
> EPSTEIN BECKER & GREEN, P.C.
> 200 South Biscayne Boulevard, Suite 4300
> Miami, Florida 33131
> Tel: (305) 579-3200; Fax: (305) 579-3201
> ***Counsel for Defendant***

Case No. 10-22072-CIV-HUCK/O'SULLIVAN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

GERARDO ALVARADO,   Case No. 10-30602 CA 24

    Plaintiff,

vs.

UNIVERSIDAD CARLOS ALBIZU
(CARLOS ALBIZU UNIVERSITY), INC.,

    Defendant.
_____/

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 30th day of June, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro-se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        *s/ Jose I. Leon*
                                         José I. León

Case No. 10-22072-CIV-HUCK/O'SULLIVAN

## SERVICE LIST

Paul F. Penichet, P.A.
19 West Flagler Street, Suite 907
Miami, Florida 33130
Tel:  305-373-8809
Fax:  305-373-8810