UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-22072-CIV-HUCK/O'SULLIVAN

GERARDO ALVARADO,

    Plaintiff,

v.

UNIVERSIDAD CARLOS ALBIZU
(CARLOS ALBIZU UNIVERSITY), INC.

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS COUNT TWO OF THE COMPLAINT**

    PLAINTIFF, GERARDO ALVARADO, by and through undersigned counsel, responds to the Defendant's motion to dismiss Count 2 of his Complaint, and says:

**A.  The Law and Argument**

    The federal pleading standard is set forth in Rule 8(a), Fed. R. Civ. P.  The rule states in material part, "(a)  A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2).

    A motion to dismiss under Rule 12 (b)(6) is appropriate only if the plaintiff has not provided fair notice of its claim and factual allegations that, when accepted as true, are plausible and rise above mere speculation. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1952, 173 L.Ed.2d 868 (2009).  The court must accept as true all well-pleaded allegations and all reasonable inferences that can be drawn from those allegations, and view the causes of action in the light most favorable to the plaintiff. Tellabs, inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)(the court must assume that all

plausible facts contained in the complaint are true). Whether a claim states a cause of action that is plausible on its face means that the well plead facts must allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Id. at 1949-50. Of course the "plausibility" standard is not a probability standard, as that would require the heightened pleading standard that has been repeatedly rejected by the Court. Ashcroft, at 1949. When these rules and standards are applied to Count 2 of the plaintiff's Complaint, it is evident that he has sufficiently plead a cause of action.

>  18 U.S.C. §1589 states in pertinent part:
>
>> Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means-
>> . . .
>>
>> (3) by means of the abuse or threatened abuse of law or legal process; or
>>
>> (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint,
>>
>> shall be punished as provided under subsection (d).
>>
>> . . .
>>
>> (c) In this section:
>>
>> (1) The term "abuse or threatened abuse of law or legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.
>>
>> (2) The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm,

>that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.
>
>(d) Whoever violates this section shall be fined under this title, imprisoned not more than 20 years, or both. If death results from a violation of this section, or if the violation includes kidnaping, an attempt to kidnap, aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title, imprisoned for any term of years or life, or both.

**1. By means of abuse or threatened abuse of law or legal process:**

Immigration regulations are clearly covered under the statute's definition of "abuse or threatened abuse." Under Section 1589, a wrongdoer may not abuse or threatened abuse of an immigration regulation for any purpose for which it was not designed, in order to exert pressure on the immigrant to take some action or refrain from taking some action. That is the plaintiff's case. He sued the defendant in Count 2 because it knowingly obtained his services as the Director of Recruitment and Admissions by the abuse or threatened abuse of the permanent labor certification process. He alleges that CAU would not pay him for the additional responsibilities as the Director of Recruitment and Admissions because it was paying for the attorney's fees and costs related to his permanent labor certification, and if he pursued the matter, CAU would cease sponsoring his labor certification or not re-new his contract. Simply put, CAU exerted pressure on the plaintiff to provide significant additional services for free by abusing or threatening to abuse the permanent labor certification regulations and process. The permanent labor certification process is not designed to condition free services from the applicant in exchange participating in said legal process. Defendant's actions fall squarely within the intent and purpose of Section 1589(a)(3).

CAU incorrectly believes that prohibitions found in Section 1589 are reserved for domestic

employees and the like, and excludes immigrants in professional careers.  The plain reading of the statute does not support such a narrow application of the statute, as it contains no such limiting language.  Such a reading is devoid of legal merit and is an unreasonable interpretation of the law.

The admissions department of any university is a vital office.  Without it, the university would have no customers or income, i.e., students and tuition.  Directing such an important department, including at CAU, requires the assumption of significant responsibilities, and the consumption of many hours of time and energy.  For these reasons, the admission's director is usually a well paying position.  In this case, by taking on the directorship of the Recruitment and Admissions Department, the plaintiff expended many more hours and assumed many more duties than what were required by his 2006–employment contract, and the corresponding Position Description.  The plaintiff's December, 2006 contract called for him to work 30 hours per week.  The plaintiff's second contract called for him to work 37.5 hours per week.  During the period of time that he was the Interim Director of the Business Program and assuming the position and duties of the  Director of Recruitment and Admissions, the plaintiff was working significantly more hours than those contemplated in his employment contracts.

Plaintiff's predicament is not dissimilar from an immigrant domestic employee who is hired to clean a household a reasonable number of hours a week for a fair wage, but after staring the job is told that he or she must also cook all of the family's meals, and care for the minor children on weekends for the same pay. If he or she does not agree, then his or her immigration status will be placed in jeopardy.  In the plaintiff's case, as well as in the case of the domestic employee, the employees are working for an unfair wage, and are doing so because of the threat that their

immigration status in this country will be jeopardized if they do not do comply. The defendant appears to argue that the Legislature believed that a professional employee would somehow be less affected by the employer's threat than the domestic employee would. That is simply untrue and is an unreasonable interpretation of the statute and its purpose.

Moreover, CAU obtained the benefit of not paying the salary for a Director of Recruitment and Admissions for the entire time it forced the plaintiff to do so for no pay.[1] Worse yet, CAU's unlawful act, caused the denial of a job as a director of admissions and recruitment to another individual, likely a U.S. citizen or U.S. resident.

> **2.  By means of any plan intended to cause the person to believe that, if that person did not perform such services, that person or another person would suffer *financial* harm:**

CAU's conduct as plead in the Complaint also shows that it is plausible that it had a plan to make the plaintiff believe that if he did not assume the significant additional duties of the Recruitment and Admissions Department, that he would suffer the loss of his position. As CAU points out $95,000 per year is a good salary. Based on the plaintiff's allegations and all reasonable inferences to be drawn from them, it is plausible that the plaintiff believed that he would lose his salary based on CAU's threat that if he did not provide free services as the Director of Recruitment and Admissions that his contract would not be renewed. Consequently, the defendant's actions fall within the scope of Section 1589(a)(4).

---

[1] The defendant tries to argue that the plaintiff's salary of $95,000 covered all of his services, including the services related to the Director of Recruitment and Admissions. Of course the contract, the letter dated December 20, 2007, and the Position Description show that the $95,000 salary was clearly meant for his time and effort spent as the Director of Business Administration Programs and not for any other directorships or their corresponding responsibilities.

**3.     18 U.S.C. §1595 allows for a civil remedy for the defendant's violations:**

18 U.S.C. §1595 allow the plaintiff to file a civil action for damages because of the defendant's violations of 18 U.S.C. §1589.  The plaintiff may sue CAU in this court and for damages and reasonable attorney's fees.

## C.  Conclusion

The plaintiff has complied with the pleading requirements of Rule 8(a), Fed. R. Civ. P., and has plead facts that allow the Court to draw the reasonable inference that CAU violated 18 U.S.C. §1589 and is liable under 18 U.S.C. §1595 as alleged.  For these reasons, the plaintiff respectfully requests that the Court deny the defendant's motion to dismiss, and in the alternative, if the Court grants the motion, that it allow the plaintiff an opportunity to amend Count 2 of the Complaint.

        Respectfully submitted,

        PAUL F. PENICHET, P.A.
        19 West Flagler Street
        Suite 907
        Miami, FL 33130
        Tel: 305-373-8808
        Fax: 305-373-8810

BY:   s/ Paul F. Penichet
       Paul F. Penichet, Esq.
       FBN: 899380

**Certificate of Service**

I hereby certify that on August 2, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized to receive electronically Notices of Electronic Filing.

                                              s/ Paul F. Penichet
                                              Paul F. Penichet, Esq.

**SERVICE LIST**
**Gerardo Alvarado v. Universidad Carlos Albizu, Inc.**
**CASE NO.: 10-22072**
**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA**

Jose I. Leon, Esq.
EPSTEIN BECKER AND GREEN, P.C.
200 South Biscayne Blvd.,
Suite 4300
Miami, FL 33131
Tel: 305-579-3200
Fax: 305-579-3201
jleon@ebglaw.com

Michael W. Casey III, Esq.
EPSTEIN BECKER AND GREEN, P.C.
200 South Biscayne Blvd.
Suite 4300
Miami, FL 33131
Tel: 305-579-3200
Fax: 305-579-3201
mcasey@ebglaw.com